UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        Crim. No. 12-96 (PAM)

                Plaintiff,

v.                                                                **ORDER**

Ronald Louis Trice,

                Defendant.
_____

This matter is before the Court on Defendant Ronald Louis Trice's Motion for Compassionate Release under the First Step Act. Trice asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court grants the Motion.

**BACKGROUND**

In May 2012, Trice pled guilty to possession with intent to distribute crack cocaine and possession a firearm in furtherance of a drug trafficking crime. (Docket No. 16.) The Court ultimately sentenced Trice to a sentence of 216 months' imprisonment, to be followed by eight years of supervised release, far below the recommended guidelines range of 322 to 387 months. (Docket No. 23.) The parties recognized at the time of sentencing that Trice had serious health concerns, including sickle cell anemia and chronic pulmonary embolisms, or blood clots in his lungs. (See Docket No. 19.) To date, Trice has served more than 50 percent of his sentence; he is scheduled for release in July 2027. Trice is

currently incarcerated at the Federal Medical Center in Rochester, Minnesota, because of his health conditions.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i).  Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  As noted, Trice suffers from serious health conditions, including sickle cell anemia, Protein C deficiency resulting in pulmonary embolisms, and hypertension.  His treatment regimen includes blood thinners and prescription medication for hypertension.

Trice submitted a request for release to the Warden of FMC-Rochester in April 2020.  The Warden has not responded to that request, and more than 30 days have passed. Trice has exhausted his available administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a compassionate-release motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").  His Motion is thus properly before the Court.

The Centers for Disease Control (CDC) states that those suffering from sickle-cell disease are at an increased risk of severe complications from COVID-19.  Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 7,

2020).  Individuals with hypertension and pulmonary issues may be at increased risk.  Id. Trice suffers from all three of these conditions.  Trice's vulnerable health status and the presence of the virus in his facility constitute "extraordinary and compelling reasons" for the Court's reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

The Government concedes that Defendant has demonstrated "extraordinary and compelling reasons" for his release because of his serious medical conditions.  (Docket No. 54 at 9.)  The Government nevertheless argues that the Court should deny the Motion because there have been no COVID cases among inmates at FMC-Rochester, "a workable COVID-19 vaccine is just around the corner" (Docket No. 61 at 3), and because Trice ostensibly still poses a danger to the community.

BOP records show that there is one active case among staff at FMC-Rochester, and no active cases among inmates at that facility.  Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Aug. 7, 2020). However, the presence of the virus in a facility is but one consideration in determining whether an individual merits release.  And while FMC-Rochester's proximity to the Mayo Clinic also merits consideration, there can be no doubt that incarcerated individuals are at a higher risk for contracting COVID-19 in any situation, because of the realities of life in congregate-living facilities such as prisons.  The low rate of infection at FMC-Rochester does not weigh against Trice's Motion.

The Government's argument regarding the imminence of a COVID-19 vaccine is disingenuous at best.  While vaccine trials are underway, there is no guarantee that any of those vaccines will be effective or safe.  Moreover, even if an effective vaccine were indeed

3

only six months away, the immediate availability of such a vaccine to incarcerated individuals is highly doubtful. And in six months, despite the BOP's precautions, the virus could easily spread to FMC-Rochester. Six months may simply be too long for Trice to wait.

Finally, the Court disagrees with the Government's assessment that Trice continues to pose a danger to the community. Trice's record during his long period of incarceration has been exemplary. The Court must examine the danger Trice poses to the community as of today, not as of the date of his original sentence. That present danger, in the Court's view, is low.

Both the First Step Act and the general sentencing factors in § 3553(a) warrant a reduction in Trice's sentence. The Court does not minimize the seriousness of Trice's crimes, many of which involved firearms. But none of those crimes merit a death sentence, which is what incarceration in the current environment may become for those with health conditions as serious as Trice's. The § 3553(a) factors warrant a reduction in Trice's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Id. § 3582(c)(1)(A). Probation and Pretrial Services have approved Trice's proposed release plan, and the Court will likewise approve that plan, subject to the terms and conditions of Trice's original term of supervision.

4

Accordingly, **IT IS HEREBY ORDERED that**:

1. Trice's Motion for Compassionate Release (Docket No. 49) is **GRANTED**;

2. Trice's sentence of 216 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. Trice shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgment (Docket No. 23); and

4. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Trice's release.

Dated: August 7, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge